## Mrs. Louise A. PEASE, Appellant,
### v.
## Stewart L. UDALL, Secretary of the Interior, Appellee.
### No. 19127.

United States Court of Appeals
Ninth Circuit.

April 29, 1964.

———◆———

Robinson, McCaskey & Lewis, Eben Lewis, Anchorage, Alaska, for appellant.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, and Thos. L. McKevitt, Dept. of Justice, Washington, D. C., and Warren C. Colver, U. S. Atty., Anchorage, Alaska, for appellee.

Before HAMLEY, MERRILL and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge.

Appellant has applied to respondent Secretary for an oil and gas lease of approximately 25,000 acres of land in Alaska, known as the Tyonek Reserve, which lands were withdrawn and reserved for the use and benefit of Alaskan natives by Executive Order No. 2141, February 27, 1915. Her application was rejected, the Department of the Interior choosing instead, under regulations relating to Indian land, to solicit competitive bids for the sale of oil and gas leases covering this reserve.

Appellant, by these proceedings, seeks an order directing the respondent Secretary to issue the lease to her pursuant to her application.[1] The District Court for Alaska granted summary judgment in favor of respondent and this appeal was taken.

1. 5 U.S.C. § 1009(a), (b), (e) provides that any person legally wronged, adversely affected or aggrieved by agency action may seek judicial review, by "any applicable

Appellant's application for lease was filed under the Mineral Leasing Act of 1920. Section 17 of this Act, 30 U.S.C. § 226, provides that the Secretary "may lease" lands (subject to disposition under other provisions of the Act) which are known or believed to contain oil or gas deposits. It further provides that as to lands to be leased which are not within any known geological structure of a producing oil or gas field, the first qualified applicant shall be entitled to a lease without competitive bidding.

The District Court upheld the rejection of appellant's application on the ground that the land was subject to leasing not under the Mineral Leasing Act, but under the Act of March 3, 1927, 25 U.S.C. § 398a. This Act has application to unallotted lands within the limits of any reservation or withdrawal created by Executive Order for Indian purposes. It provides that such lands may be leased for oil and gas purposes in accordance with the provisions of 25 U.S.C. § 398, with oil and gas royalties thereafter held for the benefit of the affected Indians. Section 398 in turn provides for leases at public auction with the consent of the council speaking for the affected Indians.[2]

Appellant contends, for reasons we need not discuss, that the Act of March 3, 1927, has no application to the Tyonek Reserve. Therefore, she contends, those lands are unreserved public lands as to which the Mineral Leasing Act applies. Since she is the first qualified applicant, she contends, she is entitled as a matter of right to a lease without having to submit to competitive bidding.

The initial difficulty with appellant's position—and which we find dispositive —is that the Mineral Leasing Act has consistently been construed as leaving to the Secretary, within his discretion, a determination as to what lands are to be leased thereunder. Haley v. Seaton (D.C.Cir., 1960) 281 F.2d 620, 623–626. Here the determination of the Secretary through the acting director of the Bureau of Land Management was that "leasing of these reserved lands for oil and gas exploration under the Mineral Leasing Act would be inconsistent with the public interest associated with the administration of the Tyonek Reserve."

Appellant protests that the Department has, by its decision to solicit competitive bids for the sale of leases, determined that these lands were to be leased. Having made such a determination, appellant contends, the only question remaining is as to the Act which properly controls the manner of leasing. If, appellant contends, the Mineral Leasing Act is the law which properly controls, refusal of the Secretary to proceed under that Act is arbitrary.

We disagree. We reject at the outset appellant's complaint that she was not informed in greater detail as to the grounds on which her petition was rejected. This is not a case in which some other applicant was preferred. The policy of the Department, in our view, was made clear that it did not choose to lease to anyone under the Mineral Leasing Act.

In our judgment the Secretary has discretion not to lease at all under that Act (even though it be the only Act applicable to leases in this area) if it was felt that

form of legal action (including actions for * * * writs of * * * mandatory injunction * * *) in any court of competent jurisdiction," and that the court shall have power to "compel agency action unlawfully withheld * * *."

2. The Department's proposed competitive sale of leases which was pending at the time appellant's application was rejected was not predicated upon the Act of March 3, 1927: The announcement of sale specified that the proceeds from the proposed leasing, instead of being deposited to the credit of the affected Indians as directed

by the 1927 Act, would be maintained in a special U.S. Treasury Account until Congress legislates with respect to the beneficial ownership and use of the land involved. However, in a separate action brought by the affected Indians this proposed sale was enjoined on the ground that the lands should be leased under the 1927 Act, and thereafter, prior to the hearing below in this case, the Department canceled this proposed sale. Then, subsequent to the judgment below, the Secretary announced a proposed sale of leases of these lands, to be conducted pursuant to the 1927 Act.

such leasing would be detrimental to the public interest. Such a determination is not at all inconsistent with a determination that if such be legally permissible, the interests of natives and the public will be served by a sale of leases conducted under the regulations relating to the leasing of Indian lands. Such regulations include provisions not only for competitive bidding but for the right of the Secretary to reject all bids when he believes the interests of Indians will be best served by doing so. The difference in the nature and degree of the public advantage which would result from leasing under one or the other authority is substantial and constitutes a valid consideration in the exercise of discretion.

Irrespective of the propriety or impropriety of the competitive sale of leases under the Act of March 3, 1927 (a question we do not here reach), appellant then had no right to compel a lease to her under the Mineral Leasing Act. The rejection of her application, for the reasons we have stated, cannot be held an arbitrary or otherwise improper exercise of discretion.

Judgment affirmed. The parties having so stipulated in open court, it is ordered that the mandate of this Court issue forthwith.